Filed 8/29/24  P. v. Fortman CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B331951 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. 319016, 319060) |
| v. | |
| PHILLIP CHARLES FORTMAN, | |
| Defendant and Appellant. | |

THE COURT:

Phillip Charles Fortman (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]

---

[1]	All further statutory references are to the Penal Code unless otherwise indicated.

[2]	Effective June 30, 2022, section 1170.95 was renumbered

Defendant's attorney filed a brief raising no issues and asked this court to independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

I. **Facts**

A. ***The underlying crime***

On the last Saturday in January 1966, defendant and Tim Hartman (Hartman) used the $4 they had earned that day soliciting contributions at the Purple Heart Veteran's Service to buy themselves cigarettes and cheap wine. While drunk, they saw an elderly man on the street and decided to "roll him" (that is, to take whatever money he had). They viciously attacked him by repeatedly punching and kicking him, and then turned out his pockets and discovered he had no money. The man died from his injuries a few days later.

B. ***Conviction and appeal***

The People charged defendant and Hartman with (1) murder (§ 187), and (2) attempted second degree robbery (§ 211). The jury was instructed that each defendant could be liable for murder (1) as a person who acted with malice (that is, as the actual killer or a person who, with intent to kill, aided and abetted the actual killer); (2) on a felony-murder theory (that is,

---

section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For the sake of simplicity, we will refer to the section by its new numbering only.

2

on the theory that they jointly committed the felony of robbery and thus were jointly liable for the murder resulting from that robbery); or (3) on a natural and probable consequences theory (that is, on the theory that they aided and abetted one another to commit robbery and are jointly liable for a murder that is the "ordinary and probable effect of the pursuit of" the robbery). The jury convicted defendant (and Hartman) of first degree murder and attempted second degree robbery. The court sentenced defendant to life in prison for the murder and imposed a suspended sentence on the attempted robbery. We affirmed defendant's convictions and sentence in a published decision. (*People v. Fortman* (1967) 257 Cal.App.2d 45 (*Fortman I*).)

## II.    Procedural Background

On January 14, 2019, defendant filed a petition seeking resentencing under section 1172.6. In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The trial court summarily ruled that defendant was "ineligible" for relief under section 1172.6 because, "based on the record of conviction," defendant "could have been very well . . . convicted under [the] theories of murder that [have] continued to exist after the passage of SB 1437."

Defendant timely appealed. We reversed the order summarily denying the petition and remanded the matter for an evidentiary hearing at which the People were required to prove to the trial court beyond a reasonable doubt that defendant was the actual killer, aided and abetted the actual killer with the intent

3

to kill, or was a major participant who acted in reckless disregard for human life.  (*People v. Fortman* (May 13, 2021, B304567), previously published at *People v. Fortman* (2021) 64 Cal.App.5th 217 (*Fortman II*).)  The California Supreme Court granted review on July 21, 2021, and, in an order filed December 22, 2021, transferred the case back to this court with directions to vacate our prior decision and reconsider in light of Senate Bill No. 775 (2020-2021 Reg. Sess.; Stats 2021, ch. 551).  We vacated our previous opinion and decision (*Fortman II*) and remanded the matter for an evidentiary hearing pursuant to section 1172.6, subdivision (d).

The People filed an evidentiary hearing brief and attached an excerpt from defendant's January 25, 2017 parole hearing transcript, wherein defendant testified under oath:  "I decided I needed some money," saw "a guy minding his own business, walking down the street, and . . . took his life"; "I killed [the victim]."

Defendant filed a brief in support of the petition.[3]

On June 8, 2023, the trial court held an evidentiary hearing.  Defendant did not testify or present any evidence.

In a subsequently issued ruling, the trial court denied defendant's petition.  The court indicated that it had considered the parties' briefs and the portion of defendant's parole hearing transcript admitted into evidence and found that the People had met their burden to prove beyond a reasonable doubt that defendant "is guilty of first degree murder under California law

---

[3]     Defendant objected on hearsay grounds to much of the 107-page transcript submitted by the People, and the trial court subsequently admitted into evidence a seven-page excerpt from the complete transcript.

4

as amended by changes to the Penal Code Section 188 or 189 made effective January 1, 2019 and thereafter."

Defendant filed this timely appeal.

## DISCUSSION

### I.     Section 1172.6 Law, Generally

In 2018, our Legislature amended the definition of "murder" to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) As amended, liability for murder is limited to persons (1) who are the actual killer; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e); e.g., *People v. Johns* (2020) 50 Cal.App.5th 46, 58-59.)

Section 1172.6 is the procedural vehicle by which persons convicted in now-final judgments can seek to vacate convictions that do not satisfy the current definition of "murder." Where, as here, a defendant files a facially sufficient petition and the record does not otherwise foreclose relief as a matter of law, the trial court must issue an order to show cause and convene an evidentiary hearing. (§ 1172.6, subd. (c).) At the hearing, the People have the burden of proving to the trial court, acting as an independent factfinder, that a defendant is guilty of murder on a still-valid theory. (§ 1172.6, subd. (d)(3).)

Where, as here, a defendant has made a prima facie

5

showing of entitlement to relief under section 1172.6, where the trial court has convened an evidentiary hearing, and where the trial court has independently found the defendant guilty of murder (see § 1172.6, subd. (d)(3)), our task is limited to assessing whether the trial court's findings are supported by substantial evidence. (*People v. Reyes* (2023) 14 Cal.5th 981, 988.) Under this standard of review, we view the evidence in the light most favorable to the court's finding, drawing all reasonable inferences in support of that finding. (*Ibid.*; see *People v. Kraft* (2000) 23 Cal.4th 978, 1035.)

Although the court did not in its ruling specify under what prosecution theory the court had concluded that defendant remains guilty of first-degree murder, our task is to review the court's ruling, not its rationale. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12 ["'we review the ruling, not the court's reasoning,'" quoting *People v. Geier* (2007) 41 Cal.4th 555, 582].)

**II. Analysis**

The trial court did not err in denying defendant's petition for relief under section 1172.6 because substantial evidence supports the court's implied finding that defendant was the actual killer. In particular, defendant's testimony at his parole hearing that he "took [the victim's] life" and "killed [him]" support the finding that defendant was the actual killer.

In his supplemental letter, defendant objects to the trial court's reliance on his parole hearing testimony on four grounds.

First, he contends he "was never sworn in" before the parole board. This is both inaccurate and irrelevant. It is inaccurate because the transcript indicates that the presiding commissioner administered an oath to defendant before he

6

spoke.[4]  It is irrelevant because defendant's statements, even if not under oath, are still admissible as statements of an adverse party.

Second, defendant asserts that his testimony before the parole board should be accorded no weight because it is the product of coercion and just "not fair"—specifically, that he "admitted to the crime with the popular and well known belief that that if [he] wanted to go home[,] [he] would have to say [he] did it."  Contrary to defendant's assertion, defendant's testimony before the parole board was neither involuntary nor coerced.  Defendant was, at all times throughout the hearing, represented by counsel.  Further, defendant was not required to testify at his parole hearing, inasmuch as "parole cannot be conditioned on admission of guilt to a certain version of the crime." (*People v. Myles* (2021) 69 Cal.App.5th 688, 706, citing § 5011, subd. (b); Cal. Code Regs., tit. 15, § 2236; *In re Swanigan* (2015) 240 Cal.App.4th 1, 14.)  Defendant chose to discuss the offense and testified under oath regarding his role in the crime.  (See *Myles*, at p. 706 ["Having chosen to . . . testify truthfully at the parole hearing, it is not fundamentally unfair to admit that information during a resentencing proceeding voluntarily initiated by [the] defendant bearing on some of the same issues"].)  And none of the commissioners promised defendant release in exchange for admission of particular facts.  Instead, defendant took an oath to tell the truth.  (See *People v. Mitchell* (2022) 81 Cal.App.5th 575, 590 ["[t]he parole process emphasizes the importance of

_____

[4]    We take judicial notice of the entire transcript of defendant's January 25, 2017 parole hearing (Evid. Code, §§ 452, 459), including the admonitions, that was not admitted into evidence but was included in the record on appeal.

voluntary, unvarnished truthtelling"].) In sum, the trial court had ample basis to credit defendant's sworn testimony over his unsworn claims of minimal involvement.

Third, defendant questions why "the court [did] not take consideration of [his] codefendant's statement of admission of guilt by reviewing the police reports / or sentencing transcripts." This argument lacks merit because there is no "statement of admission of guilt" by Hartman in the record, and because a codefendant's admission is irrelevant to *defendant's* culpability. (*People v. Foster* (1988) 201 Cal.App.3d 20, 26-27; see also *People v. Riel* (2000) 22 Cal.4th 1153, 1223 [disposition of codefendant's case is not relevant to the defendant's sentence at penalty phase].)

Lastly, defendant contends that his statement at the parole hearing is the only support for his continuing conviction and questions whether the prosecution "satisf[ied] the corpus delecti rule." Not only did defendant forfeit this argument by not raising it with the trial court, but the argument also lacks merit because the court did not rely on defendant's statements to prove *the crime itself*, but instead to prove *defendant's role in the crime*. The corpus delicti rule only applies to the former. (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1128-1129.)

What is more, even if we agreed with defendant's attack on the trial court's reliance on his testimony before the parole board, substantial evidence also supports the trial court's implied finding that defendant was a major participant in the robbery who acted with reckless indifference to human life because defendant selected the victim, suggested the crime, and actively kicked and beat the victim to death. Defendant makes no effort to explain why this is insufficient evidence to support his liability

for murder under this independent theory.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____

LUI, P. J.,                    CHAVEZ, J.,                    HOFFSTADT, J.

9